**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON ARNOLD WOODARD, | No. 09-35207 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00089-RRB |
| v. | |
| JOHN (CRAIG) TURNBULL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted August 30, 2012[**]
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Jon Arnold Woodard appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2254. Woodard was convicted in Alaska state court of first-

degree robbery and second-degree murder after forensic analysis, eyewitness

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

identification, accomplice testimony, and other evidence all identified Woodard as the man who robbed a Carrs grocery store and killed a security guard. Woodard appeals the district court's denial of his habeas petition, claiming miscellaneous purported errors in his trial violated his Fifth Amendment rights.

Under *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993), habeas relief is warranted when "trial error" has occurred only if the error substantially influenced the verdict. With respect to the shackling, to the extent there was error, it did not "ha[ve] a substantial and injurious effect or influence in determining the jury's verdict." *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008) (internal quotation marks and citation omitted). All of the errors Woodard asserts occurred are trial error, none of which, even cumulated, could have substantially affected the verdict given the overwhelming forensic evidence of Woodard's guilt.

**AFFIRMED.**